McCULLERS *v.* STATE

[No. 148, September Term, 1963.]

*Decided December 16, 1963.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *George L. Russell, Jr.,* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Gerard Wm. Wittstadt, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert V. Lazzaro, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant was tried in the Criminal Court of Baltimore before Judge Byrnes, sitting without a jury, under an indictment which charged him with larceny under the first count, and with receiving stolen goods under the second count. He was

convicted under the second count and sentenced to two years in the Maryland House of Correction, and has appealed on the sole ground that the evidence was insufficient to convict.

The evidence produced by the State showed that on January 14, 1963, a service station operator, while servicing an automobile owned by the appellant and in which the appellant was a passenger, noticed that one of the other two occupants, Williams, alighted and went into the office ostensibly looking for the rest room. Williams did not return and the car drove off, but about a block from the station the car stopped and picked up Williams. It was then discovered that money had been taken from the office. The police were notified and appellant, traced through ownership of the car, was arrested.

In a statement given to the police appellant admitted that Williams took the money and that he received part of it. On appeal he maintained that he knew nothing of the intent to steal and claimed the money he received from the thief was not accepted as part of the loot but was payment for a debt due him.

Applying Maryland Rule 886 a, we think the trial court had before it sufficient evidence upon which it could be fairly convinced beyond a reasonable doubt of appellant's guilt, and the decision was not clearly erroneous and therefore we must affirm.

*Judgment affirmed.*